IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | No. 08-00023-01/02/03-CR-W-DW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SALLY MILLER,** | ) | |
| **STEPHEN S. MILLER**, and | ) | |
| **CHEMNUTRA, INC.**, | ) | |
| | ) | |
| Defendants. | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below enter into the following Plea Agreement:

1. **The Parties.** The parties to this agreement are: (a) the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Matt J. Whitworth, Acting United States Attorney for the Western District of Missouri, and Gene Porter and Joseph Marquez, Assistant United States Attorneys for said District, and (b) the defendants, Sally Miller and Chemnutra, Inc., represented by Robert J. Becerra of Miami, Florida, and Alex Scott McCauley of Olathe, Kansas as local counsel, and (c) the defendant, Stephen S. Miller, represented by Lance David Sandage, of Kansas City, Missouri.

Defendants understand and agree that this Plea Agreement is only between defendants and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendants' Guilty Plea.** Defendants agree to and hereby do plead guilty to Counts One and Fourteen of the Indictment, charging them in Count One with distribution of adulterated food and in Count Fourteen with distribution of misbranded food, all in violation of the Federal Food, Drug, and Cosmetic Act.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which defendants are pleading guilty are as follows: Other than paragraph 26 of the Introduction and Background section of the Indictment, the defendants admit that the facts and allegations set forth in Counts One and Fourteen of the Indictment are true and correct. The defendants further admit that the dates, number of bags, weight, batch numbers, invoice numbers, and invoice amounts set forth in each of Counts One through Twenty-six are true and correct.

The defendants further admit that in the manner alleged in Counts One through Thirteen of the Indictment, they introduced, delivered for introduction, and caused the introduction and delivery for introduction, into interstate commerce from China to Kansas City, Missouri, of a quantity of adulterated food, as the term food is defined in 21 U.S.C. § 321(f), specifically, the defendants admit the wheat gluten was adulterated: pursuant to 21 U.S.C. § 342(a)(1), in that the wheat gluten contained

melamine, a deleterious substance that rendered the wheat gluten injurious to health; pursuant to 21 U.S.C. § 342(a)(2)(C)(i), in that the wheat gluten contained melamine, an unsafe food additive; pursuant to 21 U.S.C. § 342(b)(2) in that melamine was substituted wholly or in part for the protein requirement of the wheat gluten; and pursuant to 21 U.S.C. § 342 (b)(4) in that melamine had been added to the wheat gluten and mixed therewith so as to make it appear the wheat gluten was better or of greater value than it was.

The defendants further admit that in the manner alleged in Counts Fourteen through Twenty-six of the Indictment, they introduced, delivered for introduction, and caused the introduction and delivery for introduction, into interstate commerce from China to Kansas City, Missouri, of a quantity of misbranded food, as the term food is defined in 21 U.S.C. § 321(f), specifically, said defendants admit the wheat gluten was misbranded: pursuant to 21 U.S.C. § 343(a)(1), in that the labeling of the wheat gluten was false and misleading because the wheat gluten was represented to have a minimum protein level of 75% when in fact it did not; and pursuant to 21 U.S.C. § 343(i)(2), in that the food labeled as wheat gluten contained two or more ingredients, including melamine, but melamine was not listed on the label.

**4.     Use of Factual Admissions.**  Defendants acknowledge, understand and agree that the admissions contained in Paragraph 3 and other portions of this Plea Agreement will be used for the purpose of determining their guilt and the advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including

calculation of the defendants' offense level in accordance with U.S.S.G. § 1B1.3. Each defendant acknowledges, understands, and agrees that conduct charged in the dismissed counts of the Indictment as well as all other uncharged related criminal activity will be considered "relevant conduct" pursuant to U.S.S.G. § 1B1.3, or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2, and will be used to calculate the offense level for the charges to which they are pleading guilty.

     **5.** **Maximum Statutory Penalties.** Defendants Stephen S. Miller and Sally Miller understand that upon their guilty plea to Counts One and Fourteen of the Indictment charging them with distribution of adulterated and misbranded food, respectively, that the Court could impose a sentence of imprisonment of up to one year as to each count, a fine of up to $100,000.00 as to each count, or both. Said defendants further understand that the Court may impose up to one year of supervised release, and enter an order of restitution. Said defendants further understand that the Court must impose a mandatory special assessment of $25.00 as to each count, which defendants agree to pay in full at the time this Plea Agreement is presented to the Court. Said defendants further understand that the offenses to which they are pleading guilty are Class A misdemeanors.

     Defendant Chemnutra, Inc., understands that upon its guilty plea to Counts One and Fourteen of the Indictment charging it with distribution of adulterated and misbranded food, respectively, that the Court could impose a fine of up to $200,000.00 as to each count. Said defendant further understands that the Court may

-4-

Case 4:08-cr-00023-DW   Document 31   Filed 06/16/09   Page 4 of 19

impose up to five years of probation, and enter an order of restitution. Said defendant further understands that the Court must impose a mandatory special assessment of $125.00 as to each count, which defendant agrees to pay in full at the time this Plea Agreement is presented to the Court. Said defendant further understands that the offenses to which it is pleading guilty are Class A misdemeanors.

      **6.** **Sentencing Procedures.** Defendants acknowledge, understand and agree to the following:

      a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are merely advisory, and the Court may impose a sentence either less than or greater than the defendant's advisory guideline sentencing range, so long as the sentence imposed is "not unreasonable";

      b. the Court will determine each defendant's advisory guideline sentencing range at the time of sentencing;

      c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to one year or, in lieu of a sentence of imprisonment, the Court may impose a period of probation of up to five years;

      d. if a defendant violates a condition of probation/supervised release, the court may revoke the supervised release/probation and an additional period of imprisonment of up to one year may be imposed, without credit for time previously spent on supervised release/probation, and that in addition to a new term of imprisonment, the Court may impose a new period of supervised release/probation, the length of which cannot exceed one year, less the term of imprisonment imposed upon revocation of the defendant's first supervised release/probation;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the advisory guideline sentencing range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court may order restitution to be paid to victims of the offense to which defendants are pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity. Defendants understand and agree that the United States may use the Federal Debt Collection Procedures Act and/or any other remedies provided by federal law to enforce any restitution order that may be entered as part of the sentence;

h. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the guideline sentencing range offered by the parties or the United States Probation Office; and

i. a defendant may not withdraw a guilty plea solely because of dissatisfaction with the nature or length of the sentence imposed by the Court.

**7.** **Preparation of Presentence Report.** Defendants understand the United States will provide to the Court and the United States Probation Office a Government version of the offense conduct. This may include information concerning the background, character, and conduct of each defendant, including the entirety of their criminal activities. Defendants understand these disclosures are not limited to the counts to which the defendants have pled guilty. The United States may respond to comments made or positions taken by a defendant or a defendant's counsel and correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case,

subject only to any limitations set forth in this Plea Agreement. The United States and each defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**8.** **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this Plea Agreement, agrees not to bring any additional charges against any of these three defendants for any federal criminal offenses based on the importation of materials used in the production and manufacture of pet food, for which the Western District of Missouri has venue and which occurred during the years 2006 through 2007. Additionally, the United States Attorney for the Western District of Missouri agrees, at the time of sentencing, to dismiss all remaining counts of the Indictment filed against these three defendants.

Assuming the Court accepts the guideline calculations set forth in this plea agreement, the parties agree that the appropriate sentence in this case is a sentence of three years probation. The parties further agree and specifically request that the Court impose a fine of $25,000.00 against defendant Chemnutra, Inc., and said defendant agrees to pay said fine in full on or before the date of sentencing. The parties further agree and specifically request that the Court impose a separate fine of $5,000.00 against each of defendants Sally Miller and Stephen S. Miller, with said fine to be paid over the term of any probation or supervised release which may be imposed by the Court. The parties further agree and specifically request that no order of restitution be

-7-

imposed by the Court, and further request that this Court specifically find that the restitution-related determinations and orders issued and made in the multi-district civil litigation based on the same facts which gave rise to this criminal prosecution, i.e., the $24 million cash settlement reached in United States District Court for the District of New Jersey, styled as *In re: Pet Food Product Liability Litigation*, MDL Docket No. 1850, Civil Action No. 07-2867, negates any need for entry of an additional restitution order in this case. The parties further agree and specifically request that any term of probation or supervised release which may be imposed by the Court include a provision that obligates the defendants to provide full cooperation with the United States Food and Drug Administration (FDA) if requested to do so in any matter within the purview of the FDA.

Defendants understand and agree that this Plea Agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

Defendants recognize that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendants might be charged is based solely on the promises made by the defendant in this agreement. If a defendant breaches this Plea Agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. Each

-8-

defendant expressly waives the right to challenge the initiation of the dismissed or additional charges if that defendant breaches this agreement. Defendants expressly waive their right to assert a statute of limitations defense if the dismissed or additional charges are initiated following a breach of this agreement. Defendants further understand and agree that if the Government elects to file additional charges following a breach of this Plea Agreement, the breaching defendant will be bound by the guilty plea previously entered and will not be allowed to withdraw said guilty plea.

      **9.** **Withdrawal of Plea.** The defendants understand that if the Court accepts their pleas of guilty and this Plea Agreement but imposes a sentence that is outside the defendant's advisory Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like, or agree with, defendants will remain bound by their guilty plea and will not be permitted to withdraw their guilty plea.

      **10.** **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b. The applicable Guidelines Manual is the one that took effect on November 1, 2008;

    c. The applicable Guideline section for the offense of conviction is U.S.S.G. § 2N2.1, which provides for a base offense level of 6, and no other Chapter 2 sections are applicable;

d. Other than acceptance of responsibility, no Chapter 3 aggravators or mitigators are applicable;

e. Unless the defendants (1) fail to abide by the terms and conditions of this plea agreement and pretrial release; or (2) attempt to withdraw their guilty plea; or (3) violate the law or otherwise engage in conduct inconsistent with acceptance of responsibility, the parties agree that a 2-level reduction should be made in the offense level for acceptance of responsibility;

f. There is no agreement between the parties regarding the criminal history category for each defendant. The parties agree that the Court will determine the applicable criminal history category for each defendant after receipt of the presentence investigation report prepared by the United States Probation Office;

g. The defendants understand that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph do <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide a defendant with a basis to withdraw a plea of guilty;

h. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and all defendants agree to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

i. The defendants consent to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of each defendant's sentence, including

-10-

the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. Each defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. Each defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

j. Each defendant understands and agrees that the factual admissions contained in Paragraphs 3 and 4 of this plea agreement, and any admissions that are made during the plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States

-11-

may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.     <u>Disclosure and Restraint of Assets Pending Sentencing</u>.**  Within ten (10) days from the execution of this Plea Agreement, and pending entry of judgment against them in this prosecution (including any restitution, forfeiture, or fine obligations), defendants agree to provide sworn financial disclosure statements ("Financial Statements") to the United States and understand the United States will rely on the accuracy and completeness of those Financial Statements.  Defendants warrant that the Financial Statements will be thorough, accurate, and complete.  Defendants further warrant that all assets which they own or have any interest in will be disclosed in the Financial Statements, and that defendants will make no misrepresentations on, or in connection with, the Financial Statements.  In the event the United States learns of asset(s) in which a defendant had an interest at the time of this Plea Agreement which was not disclosed in the Financial Statements, or in the event the United States learns of a misrepresentation by a defendant on, or in connection with, the Financial Statements, and in the event such nondisclosure or misrepresentation changes the estimated net worth of the defendant set forth on the Financial Statements by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this Plea Agreement; or (2) let the Plea Agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value

of the assets of defendant previously undisclosed. Defendants further agree not to contest any collection action undertaken by the United States pursuant to this provision. In the event the United States opts to be relieved of its obligations under this Plea Agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

14. **Government's Reservation of Rights.** Defendant understands that the United States expressly reserves the right in this case to:

      a. oppose or take issue with any position advanced by a defendant at the sentencing hearing which might be inconsistent with the provisions of this Plea Agreement;

      b. comment on the evidence supporting the charges in the Indictment;

      c. oppose any arguments and requests for relief a defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States;

      d. oppose any post-conviction motions for reduction of sentence, or other relief.

15. **Waiver of Constitutional Rights.** The defendants, by pleading guilty, acknowledge that they have been advised of, understand, and knowingly and voluntarily waive the following rights:

      a. the right to plead not guilty and to persist in a plea of not guilty;

      b. the right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against them;

e. the right to compel or subpoena witnesses to appear on their behalf; and

f. the right to remain silent at trial, in which case their silence may not be used against them.

Defendants understand that by pleading guilty, they waive or give up those rights and that there will be no trial. Defendants further understand that if they pleads guilty, the Court may ask them questions about the offense or offenses to which they pleaded guilty, and if a defendant answers those questions under oath and in the presence of counsel, their answers may later be used against them in a prosecution for perjury or making a false statement.

**16. Waiver of Appellate and Post-Conviction Rights.** Defendants acknowledge, understand and agree to the following:

a. by pleading guilty pursuant to this Plea Agreement defendants waive their right to appeal or collaterally attack a finding of guilt following the acceptance of this Plea Agreement.

b. the defendants expressly waive their right to appeal their sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendants are released from this waiver and may, as part of the Government's appeal, cross-appeal their sentence as authorized by 18 U.S.C. § 3742(a)

-14-

with respect to any issues that have not been stipulated to or agreed upon in this agreement.

17. **Waiver of FOIA Request.** Defendants waive all of their rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** Defendants waive all of their claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Breach of Plea Agreement.** If a defendant commits any crimes, violates any conditions of release, or violates any term of this Plea Agreement between the signing of this Plea Agreement and the date of sentencing, or fails to appear for sentencing, or if a defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this Plea Agreement, the United States is released from its obligations under this agreement. Defendants understand and agree that if they breach this Plea Agreement the breaching defendant will remain bound by their guilty plea, will not be permitted to withdraw their guilty plea, and will be sentenced based on their guilty plea without the benefit of the promises made by the Government in this agreement.

Defendants also understand and agree that in the event they violate this Plea Agreement, all statements made by the violating defendant to law enforcement agents subsequent to the execution of this Plea Agreement, any testimony given by said defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against said defendant in any and all criminal proceedings. The defendants waive any rights that they might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by them subsequent to this Plea Agreement.

20. **Defendants' Representations.** Defendants acknowledge that they have entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. Defendants acknowledge that they are satisfied with the assistance of counsel, and that counsel has fully advised them of their rights and obligations in connection with this Plea Agreement. Defendants further acknowledge that no threats or promises, other than the promises contained in this Plea Agreement, have been made by the United States, the Court, their attorneys or anyone else to induce them to enter their pleas of guilty.

21. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this Plea Agreement will be interpreted according to general contract principles. The parties

further agree that in interpreting this agreement the words employed in this agreement are to be given their normal and ordinary meanings, and any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**22.** **No Undisclosed Terms.** The United States and each defendant acknowledge and agree that the above-stated terms and conditions constitute the entire agreement between the parties and deny the existence of any other terms and conditions not expressly stated herein.

DATED this 16th day of June 2009.

                    Matt J. Whitworth
                    Acting United States Attorney

By    *s/ Phillip Eugene Porter*
       Phillip Eugene Porter
       Chief, Fraud and Corruption Unit

By    *s/ Joseph Marquez*
       Joseph Marquez
       Assistant United States Attorney

I have consulted with my attorneys and fully understand all of my rights and those of my corporation with respect to the offenses charged in the Indictment. I am authorized to execute this agreement on behalf of Chemnutra, Inc, a corporation that is wholly owned by myself and my husband, defendant Stephen S. Miller. Further, I have consulted with my attorneys and fully understand my rights and those of my corporation with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it on behalf of myself and Chemnutra, Inc.


Dated:  06/16/2009             *s/ Sally Miller*
                               Sally Miller
                               Defendant


                                *s/ Sally Miller for Chemnutra, Inc.*
                               Chemnutra, Inc.
                               Defendant
                               by Sally Miller


I am one of the attorneys representing defendant Sally Miller and the defendant corporation, Chemnutra, Inc. I have fully explained to Sally Miller her rights and those of the corporation with respect to the offenses charged in the Indictment. Further, I have reviewed with Sally Miller the provisions of the Sentencing Guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Sally Miller. To my knowledge, Sally Miller's decision to enter into this Plea Agreement on behalf of herself and the corporation is an informed and voluntary one.


Dated:  06/16/2009             *s/ Robert J. Becerra*
                               Robert J. Becerra
                               Attorney for Defendants


Dated:  06/16/2009             *s/ Alex Scott McCauley*
                               Alex Scott McCauley
                               Attorney for Defendants

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement and I voluntarily agree to it. I further affirm that defendant Chemnutra, Inc., is a corporation that is wholly owned by myself and my wife, defendant Sally Miller, and further affirm that Sally Miller is authorized to enter into this agreement on behalf of said corporation.

Dated: 06/16/2009                             *s/ Stephen S. Miller*
                                              Stephen S. Miller
                                              Defendant


I am defendant Stephen S. Miller's attorney. I have fully explained to him his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, Stephen S. Miller's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 06/16/2009                             *s/ Lance David Sandage*
                                              Lance David Sandage
                                              Attorney for Defendant