# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**          **Case No.: 08-00023-03-CR-W-DW**

**CHEMNUTRA, INC.**

         **Federal Employer I.D. No.: 20-2275221**

         Robert Becerra, Retained

_____

## JUDGMENT IN A CRIMINAL CASE
### (For Organizational Defendants)

The defendant pleaded guilty to Counts 1 and 14 of the Indictment on 6/16/09. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 331(a) and 333 (a)(1) | Distribution of Adulterated Food | 11/6/2006 | 1 |
| 21 U.S.C. 331(a) and 333(a)(1) | Distribution of Misbranded Food | 11/6/2006 | 14 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 2-13; 15-27 dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant organization shall notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States attorney of material changes in economic circumstances.

         Date of Imposition of Sentence: February 5, 2010

Defendant Organization's Address:
810 S. Durango Drive
Las Vegas, NV 89145

         /s/John T. Maughmer
         JOHN T. MAUGHMER
         UNITED STATES MAGISTRATE JUDGE

         February 10, 2010

# PROBATION

The defendant organization is hereby sentenced to probation for a term of **3 years on each count, terms to run concurrently with each other.**

While on probation, the defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. Within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2. The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3. The defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4. The defendant organization shall permit a probation officer or the FDA Office of Criminal Investigation to visit and inspect the organization at any of its operating business sites;

5. The defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6. The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees, except for complying with conditions of this probation, the corporate defendant shall not engage in any other business activities;

7. The defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

# SPECIAL CONDITIONS OF PROBATION

The defendant shall also comply with the following special conditions of probation:

1. The defendant shall pay any fine balance during the first **30 months** of supervision on the schedule set by the Court.

2. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office.

3. The defendant shall submit its offices to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall allow the probation office or FDA Office of Criminal Investigation to visit and inspect, at a reasonable time, any business operated by defendant.

5. The defendant shall not engage in any other business activity except such as is necessary to comply with the conditions of probation/supervision.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____  
Defendant                                                                                  Date

_____    _____  
United States Probation Officer                                        Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **\*Total Restitution** |
|---|---|---|
| **$250.00** | **$25,000.00** | **$** |

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied.  You shall adhere to a payment schedule as determined by the Probation Office.

The defendant organization shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    Lump sum payment of **$25,250.00** due immediately.

    If unable to pay the full amount immediately, the defendant organization shall make monthly payments of $100 or 10 percent of gross income, whichever is greater, while on supervision.

    While monetary penalties are still owed, the defendant organization shall notify the United States Attorney of any change of name, principal business address, or mailing address within 30 days.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.